UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Shawn O'Neal, ) | COMPLAINT |
| ) | |
| Plaintiff, ) | Civil Action No.4:25-cv-496-SAL |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| Equifax Information Services, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT

1.　This is an action brought by the Plaintiff, Shawn O'Neal, for actual, statutory, and punitive damages, attorney's fees, and costs for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq,* (hereinafter "FCRA").

2.　The FCRA exists to protect consumers' privacy and to impose upon those who trade in consumers' private information strict requirements to ensure that the information they report is as accurate as possible.

3.　The FCRA likewise demands that consumers' disputes of inaccurate information be taken seriously by the consumer reporting agencies, requiring that they do much more than simply pass information between themselves and furnishers of information electronically without actually investigating the substance of a consumer's dispute and consider all information available in conducting such investigations.

4.　Before the enactment of the FCRA, inaccurate and misleading information was identified as "the most serious problem in the credit reporting industry." 115 Cong. Rec.

2411 (Jan. 31, 1969). With this problem in mind, Congress enacted the FCRA "to prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report." S. Rep. No. 91-517 (1969).

5. To accomplish Congress' goals, the FCRA contains a variety of requirements to protect consumers, including §§ 1681e and 1681i, which are two of the cornerstone provisions of the FCRA.

6. One of the primary purposes of the FCRA is to assure "maximum possible accuracy" of consumer information to ensure the stability of our banking system:

> The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

*See* 15 U.S.C. § 1681(a)(1).

## JURISDICTION AND VENUE

7. This Court has Jurisdiction under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681p, and 28 U.S.C. §1331 and §1332.

8. Venue is proper in the Florence Division because the Plaintiff resides in Darlington County and the Defendant transacted business in this division.

## PARTIES

9. The Plaintiff, Shawn O'Neal, is a resident and citizen of the State of South Carolina, Darlington County, and is over the age of twenty-one (21) years. Plaintiff is a consumer as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

10. Defendant Equifax Information Services, LLC ("Equifax") is a Georgia corporation registered to do business in South Carolina with the South Carolina Secretary of State. Defendant Equifax may be served with process through its registered agent for service of process, Corporation Service Company, 508 Meeting Street, West Columbia, SC 29169. Defendant Equifax was in all respects and at all times relevant herein doing business in the state of South Carolina.

11. Defendant Equifax is a credit reporting agency as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a. Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

12. Defendant disburses such consumer reports to third parties under contract for monetary compensation.

13. Defendant Equifax's acts and omissions alleged herein are in violation of the Fair Credit Reporting Act which requires Defendant to provide a consumer a complete copy of their credit file upon request, to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff's credit file, and which requires the Defendant to conduct a reasonable re-investigation of disputed information received from the Plaintiff.

14. The Plaintiff alleges that Defendant repeatedly failed to delete and suppress erroneous, false, misleading, or inaccurate information from the Plaintiff's credit file, and

failed to conduct a reasonable re-investigation of Plaintiff's disputes.

## FACTUAL ALLEGATIONS

15. On or about May 15, 2023, Plaintiff learned through Credit Karma that PHH Mortgage Services was reporting on his Equifax credit report as 30 days late. As a result, Plaintiff's Equifax credit score dropped 120 points.

16. On July 11, 2023, Plaintiff obtained a copy of his Equifax credit report and discovered there were multiple accounts reporting incorrectly. Specifically, PHH Mortgage ICE Center, Account 954801277, reporting as 30 days late for May and June 2023; I C Systems Collection, Account 12360****, a collection account for AT&T; and The Bureaus, Account 41583****.

17. On or about July 11, 2023, Plaintiff mailed a dispute letter **("First Equifax Dispute")** to Equifax, wherein he stated he had obtained his credit report online and found a number of items were being reported incorrectly. Specifically, Plaintiff disputed the PHH Mortgage ICE Center, Account No. 954801277, reporting as 30 days late, as incorrect because the account was not late. Plaintiff also disputed the I C Systems Collections, Account No. 12360****, a collection account for AT&T because Plaintiff had paid and cancelled service with AT&T years ago and did not owe any balance. Finally, Plaintiff disputed The Bureaus, Account No. 41583****, a collection account reporting for Capital One Bank card, because Plaintiff had never had a Capital One account. Plaintiff provided Equifax with his name, Social Security number, date of birth, and address.

18. Equifax received Plaintiff's First Dispute.

19. On or about July 21, 2023, Equifax sent Plaintiff the results of its alleged investigation into Plaintiff's dispute stating that "inquiries are a matter of public record;" the disputed item is not currently reporting on your Equifax credit file; and that both The Bureaus and PHH had verified the accounts as reporting correctly. Defendant did no investigation of its own of Plaintiff's disputes, but simply accepted the responses of the furnishers of the inaccurate information. As a result, the inaccurate PHH account and the fraudulent The Bureaus account continued to be reported on Plaintiff's Equifax credit file.

20. On or about August 18, 2023, Plaintiff mailed another dispute letter **("Second Equifax Dispute")** to Equifax, wherein he stated he had received the Investigation Results from Equifax, but his credit report was still incorrect. Plaintiff requested Equifax to send him a copy of every document that was provided to Equifax to verify and/or update the incorrect accounts. Plaintiff also specifically disputed the PHH Mortgage ICE Center, Account No. 954801277, as inaccurate because it continued to report May and June 2023 payments as 30 days late when his payments were not late. Finally, Plaintiff disputed The Bureaus, Account No. 41583****, a collection account reporting for Capital One Bank. Plaintiff never opened and never had a Capital One credit card.

21. Defendant received Plaintiff's Second Dispute letter August 24, 2023.

22. On or about August 30, 2023, Defendant sent Plaintiff the results of its alleged investigation into Plaintiff's dispute wherein Defendant stated that both furnishers had verified the accounts as accurate. Defendant did no investigation of its own of Plaintiff's disputes, but simply accepted the responses of the furnishers of the inaccurate information.

As a result, the inaccurate PHH account and the fraudulent The Bureaus account continued to be reported on Plaintiff's Equifax credit file.

23. On or about October 6, 2023, Plaintiff mailed a third dispute letter to Equifax **("Third Equifax Dispute"),** wherein he continued to dispute the PHH Mortgage ICE Center 954801277 account reporting 30 days late for May and July of 2023. Plaintiff stated PHH had sent him a letter admitting the force-placed insurance they had added in May of 2023 was improper, but they continued to report the account as late, and that the account should be updated to remove the late payments and show the account as current. Plaintiff also disputed The Bureaus, **9875, a collection account for a Capital One Bank card as a fraudulent account. Plaintiff informed Defendant he had never had a Capital One card. Plaintiff again asked Equifax to send a copy of every document that was provided to them to verify or update the accounts.

24. Equifax received Plaintiff's Second Dispute letter October 18, 2023.

25. On or about October 24, 2023, Defendant sent Plaintiff the results of its alleged investigation into Plaintiff's dispute wherein Defendant stated that PHH had verified the accounts as accurate. As a result, the inaccurate PHH account continued to be reported on Plaintiff's Equifax credit file. The Bureaus account was removed.

26. On or about June 26, 2024, Plaintiff obtained a copy of his credit report from Defendant. Upon review, Plaintiff discovered his Equifax report continued to report inaccurate information.

27. On or about June 26, 2024, Plaintiff mailed a fourth written dispute to Equifax

**("Fourth Equifax Dispute")**. Plaintiff again requested Defendant to correct or delete the PHH Mortgage ICE Center, Account No. 954801277, reporting multiple months in 2023 and 2024 as 30 days late.

28.     Defendant received Plaintiff's Fourth dispute letter on July 1, 2024.

29.     On or about July 5, 2024, the only response Plaintiff received to his Fourth Dispute was a letter from Defendant stating they were unable to locate a credit file in their database and requesting Plaintiff send documentation verifying his identity and current address.

30.     Defendant failed to perform any re-investigation of Plaintiff's Fourth Dispute.

31.     To date, Defendant continues to refuse to re-investigate and remove the inaccurate account and continues to incorrectly report the PHH Mortgage ICE Center account with multiple months as 30-days late.

32.     Defendant repeatedly failed to conduct a reasonable re-investigation into Plaintiff's disputes.

33.     In response to at least one of Plaintiff's disputes, Defendant completely refused to perform any investigation. In response to Plaintiff's other disputes, Defendant simply forwarded ACDVs to the furnishers of the disputed accounts. Upon receipt of the ACDV responses, Defendant simply accepted the furnishers' verifications of the Accounts and did not undertake to perform any investigation of its own.

34.     For over 35 years, courts have recognized that a CRA cannot rely upon its data furnishers exclusively, when the consumer disputes the accuracy of the furnishers' information. The CRA must make some independent investigation of its own. "Merely

reporting whatever information the creditor furnished was not reasonable, especially where the defendant knew of the impending dispute between the [consumer] and [furnisher]." *Swoager v. Credit Bureau of Greater St. Petersburg,* 608 F.Supp. 972 (M.D. Fla. 1985); *see also Bailey v. Equifax Credit Info. Servs.,* 2016 U.S. Dist. LEXIS 196516, 2016 WL 11540113 (N.D. Ga. Nov. 28, 2016); *Crane v. TransUnion*, 282 F. Supp. 2d 311 (E.D. Pa. 2003)(explaining that a CRA must "go beyond the original source" to satisfy its duties to investigate).

35. If the CRA knows or should know that the furnisher is unreliable, then a "reasonable reinvestigation" may require verifying the accuracy of the furnisher's information directly. The "grave responsibility" imposed by §1681i(a) must consist of something more than merely parroting information received from other sources. *Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997).

36. Equifax's knowing and repeated conduct warrants an award of punitive damages. *See, e.g., Younger v. Experian Info. Sols. Inc.,* Case No. 2:15-cv-00952-SGC, at *30 (N.D. Ala. Mar. 21, 2019) (awarding punitive damages for repeated, willful violations of the FCRA).

37. During the twenty months that Defendant has been continuing to report inaccurate information on Plaintiff's credit reports, Plaintiff's credit file was viewed by Comenity Bank, Finance Maryland, LLC, Republic Finance, Prime Equity Financial Corp, MBOCAL, Verizon, Catalyst Mortgage, LenMark Financial, and First Heritage Credit.

## COUNT ONE
(Fair Credit Reporting Act)

38. The Plaintiff adopts the averments and allegations of paragraphs 15 through 37 hereinbefore as if fully set forth herein.

39. Defendant maintains and distributes credit data files on the Plaintiff's credit.

40. Defendant willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to: (a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b); and (b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

41. The Plaintiff further alleges that Defendant repeatedly failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file.

42. Due to Defendant's willful failure to comply with the requirements of the Fair Credit Reporting Act, the Plaintiff is entitled to statutory damages.

43. As a result of Defendant's violations of the FCRA, the Plaintiff has suffered, continues to suffer, and will suffer future damages, including denial of credit, increased costs of credit, lost opportunities to receive credit, damage to reputation, worry, anxiety, physical sickness, physical pain, headaches, loss of sleep, distress, family discord, loss of enjoyment of life, lost time, frustration, embarrassment, and humiliation.  Plaintiff is entitled to actual damages in an amount to be determined by the jury.

44. In addition, the Plaintiff has incurred litigation expenses and attorneys' fees which, but for the acts and omissions of Defendant alleged herein, would not have been necessary.

45. Plaintiff is entitled to attorneys' fees, pursuant to 15 U.S.C. §1681o(a)(2).

46. Further, Defendant's acts and omissions were willful and demonstrate a reckless disregard for the Plaintiff's rights. Therefore Defendant is liable to the Plaintiff for punitive damages in an amount to be determined by the jury.

### COUNT TWO
(Fair Credit Reporting Act)

47. The Plaintiff adopts the averments and allegations of paragraphs 15 through 46 hereinbefore as if fully set forth herein.

48. Defendant negligently failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to: (a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b); and (b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

49. Defendant repeatedly failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file.

50. As a result of Defendant's violations of the FCRA, the Plaintiff has suffered, continues to suffer, and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, anxiety, physical sickness, physical pain, headaches, loss of sleep, distress, family discord, loss of enjoyment of life, lost time, frustration, embarrassment, and humiliation. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

51. In addition, the Plaintiff has incurred litigation expenses and attorneys' fees which,

but for the acts and omissions of Defendant alleged herein, would not have been necessary.

52.     Plaintiff is entitled to attorney fees, pursuant to 15 U.S.C. §1681n(a).

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the Defendant for the following:

A.     Actual and statutory damages from Defendant pursuant to 15 U.S.C. §1681n(a)(1)(A) and/or 15 U.S.C. §1681o(a)(1);

B.     Punitive damages from Defendant pursuant to 15 U.S.C. §1681n(a)(2);

C.     Costs and reasonable attorney's fees from Defendant pursuant to 15 U.S.C. §1681n(a)(3) and/or 15 U.S.C. §1681o(a)(2); and

D.     For such other and further relief as the Court may deem just and proper.

/s/ *Penny Hays Cauley*
Penny Hays Cauley, Fed ID #10323
**HAYS CAULEY, P.C.**
1303 West Evans Street
Florence, SC 29501
(843) 665-1717
phc917@hayscauley.com


**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/ *Penny Hays Cauley*
Penny Hays Cauley


**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**
Equifax Information Services, LLC
c/o - Corporation Service Company - Registered Agent
508 Meeting Street
West Columbia, SC 29169